MILLER FRANCIS, ADM'R, v. HENRY H. WILLIAMS & CO.

The case of Danzey v. Swinney, (7 Tex. R. 617,) was decided upon the law of 1848. The law of 1848 differs essentially from that of 1840, in that it requires the claim to be presented to the Chief Justice for his approval. (Hart. Dig. Art. 1160.) The Act of 1840 contained no such provision.

The same strictness in pleading is not required in suits commenced in the Probate as in the District Court. Accordingly, in the case of Danzey v. Swinney, (7 Tex. R. 617,) it was held that the approval of the claim by the Chief Justice need not be averred.

See this case as to the effect of a part payment by an administrator under the law of 1840, on the question whether a claim was duly ranked among the established claims against the estate.

See this case as to presumptions in favor of the judgment of the District Court, in causes commenced in the County Court, where a jury is waived, and there is no statement of facts.

Appeal from Austin. Petition by appellee, to the August Term, 1852, of the County Court, for an order for the payment of a claim which the plaintiffs held against the appellant's intestate, John D. Harvey, and if necessary, for a sale of property for that purpose. The petition alleged that the claim

had been allowed by the administrator and "admitted by the Chief Justice." The claim consisted of an account dated January 1st., 1844, and interest at ten per cent. A payment of $360 was admitted to have been made in January, 1846. The Administrator answered in the County Court by a plea "that "this Court has no jurisdiction of the matters and things in "plaintiffs' petition mentioned ; and if this Court has jurisdic- "tion of any of the matters and things in said petition men- "tioned, it has no jurisdiction of the matter of interest which "in said petition is alleged to be due, but that the same is exclu- "sively cognizable in the District Court." Defendant also de- murred generally. He also opposed an order of sale, on the ground that it was not necessary. General denial ; except as to the payment alleged in the petition. By amendment, the defendant pleaded the Statute of limitations to the claim for in- terest ; and also that the claim for interest had not been pre- sented to the administrator within twelve months from the grant of letters of administration. The County Court at same Term, sustained the plea to the jurisdiction, as to the claim of interest ; overruled the demurrer ; ordered the principal amount due to be paid, but refused an order of sale. Plaintiffs appealed. In the District Court the plaintiffs amended by making certain papers a part of their petition, to wit : the ac- count, affidavit thereto ; allowance by the former administra- tor, without date as follows : " I have no objection to the pay- "ment of the within account, except the several items of inter- "est, which are reserved for the decision of the Court. J. W. " C. Northcote, Adm'r ;" approval by the Chief Justice, dated June 30th, 1852, of the principal sum, "subject to a discount " of the several sums which may have been paid by the admin- "istrator of said estate, and not endorsed thereon ;" affidavit of Joseph Ralston, that he presented the claim to J. W. C. Northcote, the adm'r, "sometime about the first of June, 1844, "and that said Northcote acknowledged the claim for the prin- "cipal sum only ; but that some three or four months afterwards " the written agreement of J. D. Harvey, in relation to the same,

" was sent up and presented to the administrator, and he then " agreed to allow the interest according to the rate specified, " but this deponent does not know whether the administrator " Northcote ever endorsed in writing the allowance of the in-" " terest;" affidavit by A. M. Lewis, that as attorney for the plaintiffs, he commenced suit to establish the claim for interest, and that when Northcote saw Harvey's agreement in writing to pay interest, he agreed to allow it, and the suit was thereupon dismissed; an agreement in writing signed by John D. Harvey, dated May 14th, 1842, whereby he stipulated to pay the plaintiffs' ten per cent. interest on advances of supplies, which the agreement recited, were to be furnished him by the plaintiffs.

The defendant answered further, denying that the claim or any part thereof, had been presented to the administrator and allowed within twelve months, &c.; that the same was not submitted to the Probate Judge to be ranked among the acknowledged debts of the succession, and never was so ranked; alleged, that if it ever was presented to the administrator and allowed, that more than four years elapsed from and after such acknowledgement before said claim or any part thereof was approved by the Chief Justice, and before the commencement of this suit; that the approval by the Chief Justice in June, 1852, was illegal and void.

A jury was waived. The Court reversed the judgment of the County Court, and proceeding to render such judgment as the County Court ought to have rendered, ordered " that so " much of the plaintiffs' claim as was acknowledged by Joel " W. C. Northcote, the former administrator of said estate of " said Harvey, and which was approved by William Bradbury, " Chief Justice of Austin County, viz: the sum of twelve hun-" dred and twenty-six dollars and forty cents, together with " eight per cent. interest thereon from the 15th day of June, " 1844, subject to a credit of three hundred and sixty dollars " paid on the first day of January, 1846, is justly due by said " estate to the plaintiffs," &c.

*N. Holland,* for appellant. In this case the appellant prepared no statement of facts, inasmuch as he deemed the matters complained of and assigned as error are apparent upon the record.

The appellees' claim had no standing, either under the Probate Law of 1840, under which law the appellees admit it to have been acknowledged by Northcote as administrator, (vide appellees' amended petition filed April 20th, 1853, with the documents marked "A,") or any other Probate law of our State.

We think this case exactly in point with that of Danzey v. Swinney, (7 Tex. R. 617,) and there the Court says that an acknowledgement by an administrator, under the law of 1840, did not supervene or suspend the Statute of limitations, and if a claim was not perfected *in toto* against an estate, that it would be barred by the general law of limitation. Here, then, this record, by the appellees' own acts and admissions, shows their claim never to have been legally perfected, and that it is fully and more than doubly barred.

*R. Hughes,* also for appellant.

*Z. Hunt and Jones & Ballinger,* for appellees. Every presumption will be indulged in favor of the judgment of the Court below. For anything that appears, it was proven in this trial that the claim had been ranked by the Probate Judge in the manner required by the law then in force at that time, (see Hart. Dig. Art. 1012,) or the approval of the Judge that was necessary may have been attached to the claim and lost by accident, and all these facts were proved. By the law in force at the time, no further action by the Judge of Probate is contemplated, than merely ranking the claims.

It is shown that a partial payment was made after the allowance of the claim by the administrator. Such payment could only have been made upon a distribution of funds by the order of the Court, and we will not, for the purpose of defeating an

acknowledged right, presume that the law was violated in making the payment.

The fact that through abundant caution after the passage of the Act of 1848, the claim was presented to Chief Justice Bradbury for the purpose of getting his approval endorsed thereon according to the requirement of that Act, can have no influence in the question. The claimant was not limited to that approval alone, to show that his claim had been ranked or approved. (See Moore v. Hardison, 10 Tex. R.)

WHEELER, J. The only question which it is material in this case to consider, is, whether the principal sum admitted by the administrator in 1844, was barred by the Statute of limitations, when this proceeding to enforce payment of it was instituted in the Probate Court. And we are of opinion that it was not.

The controversy in the Probate Court was respecting the right of the plaintiff to enforce payment of the claim for interest, contracted to be paid upon the account. Not having been admitted by the administrator, nor established by suit, the claim for items of interest charged in the account, was disallowed by the Probate Court, and also by the District Court; and is not now in question. In his answer in the Probate Court, the administrator, if not expressly, yet impliedly admitted the principal sum, of which payment was sought, to be a valid, subsisting claim against the estate; but resisted the application for an order to sell property for the payment of it, on the ground that it was not necessary; alleging that there were, or would be at the end of the year, a sufficiency of funds in his hands to pay the claim, without resorting to a sale of property for the purpose. He contested the claim for interest, on the ground that it was barred by the Statute of limitations; but it was not until, upon appeal, the case was before the District Court, that he pleaded the Statute to the principal sum, which had been duly presented and admitted by the former administrator as a just demand against the estate of his intestate. But

it is now insisted for the appellant, that it was barred, because not presented to the Chief Justice for approval. And in support of this objection to the judgment, the case of Danzey v. Swinney, (7 Tex. R. 617,) is relied on. That case, however, was decided upon the law of 1848, as will be apparent by consulting the opinion of the Court, particularly at pages 630 and 631, and has no application to a case like the present. The law of 1848 differs essentially from that of 1840, in that it requires the claim to be presented to the Chief Justice for his approval. (Hart. Dig. Art. 1160.) The law of 1840, contained no such provision. It simply required, that when acknowledged by the administrator, the claim should be submitted to the Judge, that it might be ranked among the acknowledged debts of the succession. (Hart. Dig. Art, 1012.) It is not questioned that this requirement of the law was complied with in this instance, and none other was prescribed. But if it were disputed that there had been a compliance with the law in this respect, and it were necessary to stop the running of the Statute, that the claim should have been submitted to the Judge and ranked, (which, in my opinion, it was not, for I do not doubt that the admission of the claim by the administrator, under the Act of 1840, stopped the running of the Statute,) still, in the absence of a statement of facts, the presumption in favor of the judgment must be, that it was proved upon the trial, that the law in this particular had been complied with. There is, it is true, no averment to that effect in the petition filed in the Probate Court. But the same strictness in pleading is not required in suits commenced in the Probate, as in the District Court. Accordingly, in the case of Danzey v. Swinney, (before cited,) it was held that the approval of the claim by the Chief Justice need not be averred, the Court saying, "The special objection "here urged in support of the demurrer, is, that the petition does "not allege that the claim was approved by the Chief Justice "of the County Court. That this is essential to support the "claim, is admitted; but, nevertheless, in the Probate Court, it "is not a necessary averment, because it may be proved, though

"not averred." (7. Tex. R. 624.) And in Moore v. Hardison, (10 Tex. R. 467,) the presumption in favor of the judgment of the District Court, in the absence of a statement of facts, was applied to supply the omission of an averment of an acknowledgement or other exception, necessary to take a claim out of the operation of the Statute of limitations, which, upon the face of the petition, appeared to have been barred. Upon the authority of these cases, it is clear, there being no statement of facts, it must be presumed that there was due and legal proof of the submission of the claim to the Judge to be ranked among the acknowledged debts of the succession, as the law prescribed, if such proof were necessary to support the judgment. Besides, it was admitted by the plaintiffs, and the admission was expressly adopted by the defendant in his answer, that a considerable sum had been paid upon the claim by the administrator, some time after it was admitted as a just demand against the estate. It is fair to presume that this payment would not have been made, if the claim had not been duly presented and ranked, as the law prescribed. It is at least, to be taken as an admission by the administrator, that the claim was placed in a condition to require payment at the time ; and he ought not to be heard now to question it. The approval by the Chief Justice in 1852, was unnecessary, and merely nugatory, and could have no effect upon the claim, which was a valid subsisting demand against the estate, and did not require such approval to give it validity and judicial standing. It was doubtless obtained out of abundant caution, upon the principle that, "abundant caution does no injury." And, in respect to the effect counsel would ascribe to it, it may suffice to reply in the language of a familiar maxim : *utile per inutile non vitiatur*.

We are of opinion that the principal sum admitted by the administrator, was a valid subsisting demand against the estate ; and the judgment, being for that sum and legal interest thereon, only from the time it was established in the mode prescribed by law, is legal and correct. It is therefore affirmed.

Judgment affirmed.