JAMES N. BROWN v. WILLIAM HOBBS. ADM'R.

The mere failure of an administrator to return a sale within thirty days, the time prescribed by the Statute, unaccompanied by any circumstances showing that the delay had produced any injury or disadvantage to the estate or purchaser, is not a good ground for setting aside the sale.

Though there are no regular and formal pleadings in the County Court, our Statutes evidently contemplate that any person wishing to contest any matter or proceeding before the Court, shall file his complaint or exception.

Where objections were filed in the County Court, to the confirmation of an administrator's sale, on the ground that the order of sale was invalid, and that the sale was not returned within thirty days, on appeal from the order of the County Court, which overruled the exceptions and confirmed the sale, the Court said the contestant might have amended in the District Court and set up other objections to the sale, but as he had not done so, he could not be permitted to prove that the sale was not fairly made.

Appeal from Wood. Tried below before the Hon. William W. Morris.

Brown held a second lien on the property ordered to be sold; and the property sold for less than the amount of the first lien. The order of sale was made at the October Term, 1855 ; to be made for cash. The sale was made on the first Tuesday in February, 1856. The property was two blocks, one consisting of four lots, and the other of two. In making the sale, the administrator divided the former into seven lots, and the latter into three. The report of the sale was filed March 31, 1856. Same day objections were filed by Brown, because he says sale was ordered and made contrary to law ; and further, because there is no account of said sale made and filed in this Court, by said administrator, agreeable to said order of sale, or as the law in such cases made and provided, requires.

It appeared from the exceptions filed in the District Court, that the illegality alleged in the order, was in ordering the sale for cash ; and that the objection to the return was, that

it was not made within thirty days after the sale. There was no intimation of any objection to the fairness of the sale. But at the trial, Brown offered evidence to prove that the division of the property into a greater number of lots, was obtained by the purchaser, from unfair motives, and that the purchaser had said before the sale, that he would bid the full amount of the liens, and that persons who were expecting to be present as bidders knew of said declaration.

The other facts are stated in the Opinion.

*C. C. Galloway*, for appellant.

*Turner & Banks*, for appellee.

ROBERTS, J. Appellee being administrator of the estate, applied for and obtained an order to sell certain lots, for the purpose of paying debts and discharging the liens thereon, held under deeds of trust by Norton and Brown. The sale having been made, an " account thereof " was returned to the County Court by the administrator, with a prayer for its confirmation.

To this, appellant Brown filed his objections :

1st. That the order of sale was illegal ; and,

2nd. That the account of sale was not returned to the County Court within thirty days, as directed by the Statute.

These objections were overruled, and the sale confirmed by the County Court, and Brown gave his appeal bond.

In the District Court Brown filed various exceptions, in the nature of an assignment of errors, which are all embraced under the two grounds of objection taken in the County Court.

Upon the trial, appellant offered evidence tending to show that the sale was unfairly made, which being objected to was excluded by the Court, to which ruling appellant excepted.

The controlling question in the case is, did the Court err in excluding such evidence. For it is obvious that there was no error in deciding the two grounds of objection first presented,

against appellant. The first ground sought to defeat the confirmation, by attacking an order of the County Court, which had been made at a previous Term, and was then standing in full force ; and the second one placed the validity of the purchaser's title upon a contingency which he could not control—to-wit : the return of the account of sale by the administrator within thirty days, whereas it was not returned in less than sixty days. The mere fact of failure to return the account of sale within thirty days, as directed by the Statute, unaccompanied by any circumstances showing that the delay of a few days had produced any injury or disadvantage to the estate or purchaser, could hardly be entertained as a ground of setting aside the sale. The important matter in this requisition of the Statute is, that an account of sale shall be returned to the Court for its action ;—the time of thirty days, which is fixed upon during which the administrator is required to perform this act, is directory and may become material in reference to other circumstances ; but not in the abstract, as presented in this case.

The ruling of the Court in excluding the testimony offered by appellant, we think, was not error ; because it related to a ground of objection not embraced in the exceptions filed in the County Court, and specifically set forth in the District Court, upon which the parties went into the trial.

Though there are no regular and formal pleadings in the County Court, our Statutes evidently contemplate that any person wishing to contest any matter or proceeding before the Court, shall file his complaint or exceptions, and having done so, he becomes a party, is entitled to the process of the Court, and is liable to pay the costs of the case which he makes. (Hart. Dig. Art. 1236 & 1240.)

The evidence offered was not applicable to the issue which he had presented in the County Court, nor had he enlarged the issue by an amendment so as to include it, in the District Court, as he might well have been done, and as we must pre-

sumc the Court would have permitted, as the contrary does not appear. Appellant does not ask leave to enlarge the issue by amendment, he does not show that he was prevented from doing so by any ruling of the Court, nor does he show that any notice whatever was given to appellee before the trial, that any other ground for defeating the confirmation would be relied on, than those presented in his exceptions. The Court should not have required the appellee to meet an objection founded on exteraneous facts which had not been before presented, and of which he had no notice, and which had previously been no part of the case made by the appellant. (Moore v. Hardison, 10 Tex. R. 467 ; Danzey v. Swinney, 7 Id. 617 ; Pierpont v. Threlkeld, 13 Id. 244.)

The Statute (Hart. Dig. Art. 1176,) provides that " it shall be the duty of the Chief Justice to inquire into the manner in which such sale was made, and if satisfied that it was fairly made and in conformity with law, he shall cause to be entered on the minutes of the Court, a decree confirming it," &c. The fairness of the sale was the true inquiry in the proceeding, and the appellant sought to institute it by the evidence which was excluded by the Court. The fact that he. had gone into the trial upon a false or unavailable issue made by himself, would not justify him in shifting his ground to the true issue during the trial, which had not before been made. And it no where appears that the Court prevented the true issue from being made at the proper time, or in any way controlled the action of the parties in reference to it.

Judgment affirmed.