## MARY L. ROBINSON v. D. F. STUART, EXECUTOR.

### No. 2699.

1. **Will—Contest—Evidence.**—In a contest upon the probate of a will letters of the maker of the will written previous to its execution expressing hostility toward the principal legatee are competent evidence.

2. **Same.**—Letters which contain matters irrelevant to which exceptions were sustained as to all contents showing the animus of the testatrix to others than the legatee, were properly excluded when offered as a whole.

3. **Testimony Irrelevant.**—It seems a question to a subscribing witness to a will whether he would have signed it had he known of certain declarations of the father of the legatee, is irrelevant. What any person would have done under similar circumstances depends largely upon the mental and moral characteristics of the particular person.

4. **Hearsay.**—A witness was asked what the parents of the legatee had said about a matter pertaining to the execution of the will. It was excluded as hearsay. The witness could have been recalled had the matters been denied by the parties charged with making the declarations, they having testified on the stand.

5. **Wills—Persuasion to Execute.**—Mere persuasions or entreaties to execute a will made in behalf of the beneficiaries are not sufficient causes for refusing the probate of a will.

6. **Pleading—Issues—Charge.**—In resisting the probate of a will on ground of undue influence the allegation was "that the parents of Lula Roberts, named as devisee in said will, by force of persuasion and entreaties induced the deceased to affix her signature to said will," etc. It was in evidence that on the morning of the day of signing the will the father of Lula had made in presence of the testatrix a charge of theft against his sister, the disinherited contestant. *Held*, that the testimony was not included in the issues, and that no charge upon it was proper.

7. **Pleadings in Contesting the Probate of a Will.**—While technical accuracy is not required in pleadings resisting the probate, still if the pleader indicates a special matter as grounds of resistance testimony to another should not be considered.

APPEAL from Harris.    Tried below before Hon. James Masterson.

January 23, 1888, D. F. Stuart filed an application in the County Court of Harris County to probate what purported to be the will of Mrs. Buckley, bearing date January 11, 1888, in which he was named independent executor without bond and Lula Nibbs Roberts and Mary L. Robinson the beneficiaries.

March 8, 1888, Mary L. Robinson filed a contest setting forth that she was a child of the deceased, and that the instrument propounded by Stuart was not the will of deceased; and as grounds of contest alleged that for weeks prior to the time of its alleged execution the deceased was aged, in feeble health, infirm in mind and body, nervous and weak, and was under the influence of opiates, and her mind was wholly incapacitated from making a will; also alleging that while in the condition named above the parents of Lula Roberts, the devisee named in said will, by force of persuasion and entreaties induced deceased to affix her name to said pretended will, and that the deceased never understood nor comprehended its terms or conditions.

Contestant alleged that the deceased did make her will in due form April 7, 1888, and by appropriate allegations sought to have the same admitted to probate and the instrument propounded by Stuart rejected.

March 14, 1887, the County Court having heard the cause established and admitted to probate the instrument propounded by D. F. Stuart, and adjudged the costs against the contestant Mary L. Robinson, who appealed therefrom to the District Court of Harris County.

October 9, 1888, Lula Roberts, joined by her husband, made herself a party.

October 11, 1888, the cause having been tried, the court, on the verdict of the jury, established and admitted to probate the instrument propounded by D. F. Stuart as the last will of Mrs. Buckley, and annulled the will propounded by Mrs. Robinson, the contestant, and adjudged the costs against her.

Motion for a new trial was overruled and the contestant appealed.

The opinion sufficiently gives the testimony and charge of the court.

*E. P. Hamblen,* for appellant.—1. The court erred in excluding from evidence the letters written by the testatrix offered by appellant to show the feelings of the testatrix at the time they were written towards Lula Roberts, and as a circumstance to prove that at that time she felt embittered towards Lula Roberts, and, had she been left to express her own free will in her last moments, would not have changed a will made when in strong mind, in which Lula Roberts was not a beneficiary, and made one leaving her the larger portion of her estate. Kennedy v. Upshaw, 66 Texas, 450; Johnson v. Brown, 51 Texas, 80.

2. The court erred in sustaining the objection made by the appellees to the question put by appellant to D. F. Stuart, proponent of said will.

(See opinion.)   Redf. on Wills, 96; Kelly v. Sittegast, 68 Texas, 18;. Brown v. Pridgen, 56 Texas, 127.

3.   The court erred in that portion of the court's charge which is as follows: "Mere persuasion or entreaty by the beneficiary, or some one else on her behalf, is not the character of undue influence which is contemplated by law when speaking of undue or improper and therefore illegal influence." Because said charge tended to impress the jury with the belief that Nibbs' conduct in the opinion of the court did not amount to undue influence.   Thompson v. Shannon, 9 Texas, 537; G. C. & S. F. R. R. v. Greenlee, 62 Texas, 349; Steagall v. McKellar, 20 Texas, 268; Andrews v. Marshall, 26 Texas, 215; Beazley v. Denson, 40 Texas, 433.

4.   The court erred in refusing to give the charge requested by appellant applying the law of undue influence to the facts in this case.   Railroad v. Rider, 62 Texas, 270.

*W. H. Crank* and *C. W. Bocock,* for appellee. —1. On exclusion of the letters of testatrix.   Moss v. Cameron, 66 Texas, 413; Railway Co. v. Gage, 63 Texas, 575; Vance v. Upson, 66 Texas, 489.

2.   The excluded questions to Dr. Stuart.   Moss v. Cameron, 66 Texas, 413; Milliken v. Smoot, 64 Texas, 172.

3.   The charge to jury.   Redf. on Wills, sec. 4, p. 31; Id., sec. 14, pp. 39, 40; Id., sec. 12, pp. 127, 128; Id., 522–530; Jarm. on Wills, 4 Am. ed., pp. 38–41, 47, 52, 54, 55; Brown v. Pridgen, 56 Texas, 127.

GAINES, ASSOCIATE JUSTICE.—This is an appeal from a judgment probating the will of Mrs. A. R. Buckley, deceased.   The proceeding was instituted in the County Court by D. F. Stuart, the executor named in the will.   The probate was contested in that court by Mary L. Robinson, the appellant here, and the trial there resulted in a judgment in favor of the proponent.   An appeal was taken to the District Court, where Lula Roberts, a devisee under the will, and her husband appeared and made themselves parties, and made common cause with the executor.   There was a verdict and judgment establishing the will, and from that judgment this appeal is taken.

The grounds of the opposition to the probate were that at the time it· was executed the testatrix was wanting in testamentary capacity and that its execution was obtained by undue influence brought to bear upon Mrs. Buckley by the parents of Lula Roberts.   The contestant, Mrs. Robinson, and A. B. Nibbs, the father of Mrs. Roberts, were the only children of the testatrix.   The will was signed on the 11th of January, 1888, during Mrs. Buckley's last illness.   She was then seventy-eight years old, but had been up to the time of this illness a woman of vigorous mind and capable in business affairs.   She was taken sick in December and died on the 15th of January.   On the 11th she was very feeble physi-

cally and barely able to sign her name legibly, as the signature to the will shows. On the morning of the 11th she sent for one of the subscribing witnesses and dictated her will and asked him to have it drawn and to bring it to her for execution. He immediately had an attorney to prepare the will, the name of the executor being left blank. When he returned, Dr. Stuart, her physician, being present, she stated that she wished him to be the executor and his name was inserted. Dr. Stuart then read the will over to her and at the end of each paragraph asked if it was her will and she nodded in the affirmative. She was then held up in bed and after great difficulty succeeded in signing it. Dr. Stuart and other witnesses swore unequivocally that she was of sound mind when the will was executed.

There was some testimony, however, which tended to show that her mind was impaired by the use of morphine and bromidia which had been administered during her sickness. There was much testimony tending to show her feelings towards Mrs. Roberts and her parents and towards Mrs. Robinson. Lula Roberts was partially reared by her; and seems at one time to have been a favorite with her. There had, however, been an estrangement between them, and during this time she had made a will in which Mrs. Robinson was the principal devisee. There was testimony tending to show that she and Mrs. Roberts had been reconciled and that she had expressed a purpose to make a will in her favor. There was also testimony to show she had reasons for not devising her property to Mrs. Robinson. But upon all these points there was more or less conflict.

In order to show Mrs. Buckley's feelings towards Mrs. Roberts and to corroborate her witnesses upon that matter, the contestant offered to read in evidence certain letters written in 1886 by Mrs. Buckley to Mrs. Allen, the daughter of Mrs. Robinson and her granddaughter, in which the writer complained of the treatment she had received at the hands of Mrs. Roberts and at the hands of Mrs. Roberts' father and mother, and spoke unkindly of one Allen Nibbs, her brother. So much of the letters "as showed the animus of the testatrix to others than Mrs. Lula Roberts" was objected to, and the objection was sustained. This ruling was excepted to and is assigned as error.

We think there was no error in the ruling. So much of the letters as showed the testatrix's feelings toward Lula Roberts was admissible. Johnson v. Brown, 51 Texas, 80; Kennedy v. Upshaw, 66 Texas, 450. The latter was the principal beneficiary under the will. But neither her father, mother, nor brother was a beneficiary, and so much of the letters as related to them was not admissible over the objections of the proponent. The letters were offered as a whole, and a portion being irrelevant they were properly excluded. There was no offer to read so much of the letters only as referred to Mrs. Roberts. The inference from the

bill of exceptions is that if such offer had been made no objection would have been interposed.    Testimony to the same effect was introduced without objection.

There were two questions propounded by contestant to Dr. Stuart while he was on the stand as a witness in his own behalf, which upon objection being made the court refused to permit him to answer.    This action of the court is also assigned as error.    The bills of exception do not disclose what the answer would have been to either question.    Without knowing that the answers would have been favorable to the appellant we can not say she has been prejudiced by the ruling.    But we are also of opinion that if the bills of exceptions had shown that the witness would have given the answer the contestant may be presumed to have expected the testimony would have been inadmissible.

The first question was whether or not the witness would have assisted in the execution of the will if he had known at the time that the testatrix's son Nibbs had a short time before represented to her that Mrs. Robinson had stolen her pocket book.    We think it immaterial what the witness would have done under the circumstances stated.    What any person would have done under similar circumstances depended largely upon the mental and moral characteristics of the particular person, and was wholly foreign to any issue in the case.    Whether the conduct of Nibbs had been such as to render it improper for the will to be executed by reason of undue influence thereby exerted was a question for the jury under proper pleadings.    The other question was " whether or not Mr. Nibbs or his wife told witness soon after the will was executed that they had intentionally kept Mrs. Robinson out of the room in which her mother, the testatrix, was while the will was being executed."    The testimony sought to be elicited was clearly hearsay.    Nibbs and his wife both testified that they did not keep the contestant out of the room, and if the proper predicate had been laid the answer of the witness that they had so told him would seem admissible as impeaching testimony.    Dr. Stuart was examined first, but if Nibbs and his wife while on the stand had been asked whether they had made the statement to him and had denied it, he could have been recalled for the purpose of contradicting them.

It is also assigned that the court erred in charging the jury that mere persuasions or entreaties to execute a will made in behalf of the beneficiary would not be sufficient to authorize it to be set aside.    The proposition of law as stated by the court is correct, and there is nothing in the instruction, taken in connection with the entire charge and with the evidence, which could have misled the jury to the prejudice of the appellant.    It may be doubted in view of the testimony whether the court would have erred in failing to give any charge upon that branch of the case.    A. B. Nibbs and his wife both testified that they did not urge or entreat the testatrix to make the will, and no witness testified that either

of them did urge or entreat her to make it. The whole of the instructions given fairly presented the issues made by the pleadings and evidence.

It is also complained that the court erred in refusing to give a charge to the effect that if Mrs. Buckley was induced to make the will by reason of A. B. Nibbs having stated to her that Mrs. Robinson had stolen her pocket book, then they should find that the will was invalid. The answer contesting the probate does not allege that the execution of the will was procured by any such means. The allegation as to undue influence is "that the parents of Lula Roberts, named as devisee in said will, by force of persuasion and entreaties induced the deceased to affix her signature to said will," etc.; "that same was not the will of the deceased," etc.

There was evidence tending to show that A. B. Nibbs did make this charge against his sister in the presence of his mother about 4 o'clock in the morning of the day on which the will was executed, but the issue not having been made in the pleadings it could not properly have been submitted to the jury. It has been held in this court that technical pleadings are not required in proceedings in the County Court relating to the estates of deceased persons. Danzey v. Swinney, 7 Texas, 617; Moore v. Hardison, 10 Texas, 467; Francis v. Williams, 14 Texas, 158.

But on the other hand it is held in Brown v. Hobbs, 19 Texas, 167, that a party who sets up one ground of contest in his pleadings in the County Court can not urge another in the District Court without amending his answer so as to embrace it. The contestant here having stated in her pleadings specifically the nature of the undue influence which she relied upon to defeat the will, ought not to have been permitted to recover upon the ground of undue influence wholly of a different kind. We think the court did not err in refusing the charge.

It is also assigned as error that the verdict of the jury is contrary to the evidence, both as to the question of undue influence and that of the mental capacity of the testatrix. It is urged that the testimony shows that the testatrix was induced to make the will by a false charge brought by A. B. Nibbs against his sister on the morning of the day on which the will was signed. The appellant not having pleaded the fact was not entitled to have the will set aside upon this ground.

We think the evidence sufficient to warrant the jury in finding that the testatrix had sufficient mental capacity to make a will at the time of its execution. There was some evidence tending to a contrary result—mainly her extremely feeble physical condition. But we think the weight of the testimony supports the conclusion that her mind was sound.

There is no error in the judgment and it is affirmed.

*Affirmed.*

Delivered March 12, 1889.