## PECK & HICKERNELL v. SANFORD & DUBLIN. (No. 10036.)*

(Court of Civil Appeals of Texas. Fort Worth. Oct. 21, 1922. Rehearing Denied Nov. 25, 1922.)

**1. Trial ⚌85—General objection to evidence partly hearsay insufficient.**

In an action on a note, where the defendants set up that they were to be allowed to pay the note from the proceeds of certain oil wells, objection to testimony, including references to a conversation had with the firm's attorney regarding the effect of the instruments, *held* properly rejected, notwithstanding part of it embodied a conversation with one of the plaintiffs which might have been admissible; since, part of it being hearsay, it was not error to reject the whole.

**2. Evidence ⚌461(1)—Testimony of understanding as to payment of note held properly rejected.**

In the absence of fraud in the execution of a note, testimony as to the understanding of a witness that payment was to be made only from oil runs *held* inadmissible.

Appeal from District Court, Wichita County; E. W. Napier, Judge.

Action by Sanford & Dublin against Peck & Hickernell. From a judgment for plaintiffs, defendants appeal. Affirmed.

F. M. Kemp, of Austin, for appellants.

Bullington, Boone, Humphrey & Hoffman, of Wichita Falls, for appellees.

CONNER, C. J. Substantially stated, this appeal is from a judgment in favor of Sanford & Dublin for the unpaid balance of $1,448.37, due upon a promissory note executed and delivered to the appellees by the Bowers Oil Company, a joint-stock association. To secure the note the association named executed a trust deed covering an oil and gas lease upon some 50 acres of land described in the plaintiffs' petition. After the execution of the note and trust deed, the lease was transferred to the appellants Peck & Hickernell, who as part of the consideration for their purchase, assumed to pay the outstanding indebtedness of the Bowers Oil Company. The judgment foreclosed the lien and was also rendered in favor of the appellees against appellants for the balance due upon the note, in accordance with the assumption mentioned.

Several defenses were presented in the answer of appellants Peck & Hickernell, which we need not notice, inasmuch as no question relating thereto is presented on this appeal. Among other defenses, however, pleaded by appellants, was one to the effect that at the time of the execution of the note and trust deed by the Bowers Oil Company, a supplemental written agreement was made wherein it was specially provided that the note might be paid out of the oil produced upon certain producing oil wells alleged to be on the lease in question, and that the oil so produced had been so applied, and that if the note had not been discharged and paid, as they pleaded, the suit had been prematurely brought.

[1] Appellants' first assignment of error is to the action of the court in sustaining the appellees' objection that the answer of the

witness Roy C. Russell to the eighth interrogatory propounded to him in behalf of the appellants was hearsay. The answer excluded was as follows:

"Yes, I know the details of the transaction, and our attorney, Mr. Cecil Storey, told me that the note was given only as a matter necessary in making the deed of trust legal, and that its due date being four months from date, had no bearing on the contract which provided for payments with 50 per cent. of the oil runs. I did not read the contract carefully and acted on the advice of Mr. Storey when I signed it. I had a long talk with Mr. Sanford before going to Mr. Storey's office to execute these instruments, and he told me that he was not afraid of the Bowers Oil Company, and that he was willing to allow us to pay him for drilling the well with 50 per cent. of the oil runs, and that he was not going to move his rig off the lease and wanted to drill another well on the same basis. Our conversation in Mr. Storey's office leading up to the signing of these instruments was along the same line, and I never would have signed them, had I not been advised to do so by Mr. Storey that the note was of no significance, and Mr. Sanford agreed with him in my presence."

[2] We think there was no error in the ruling complained of. It is true the Mr. Sanford named in the answer was a member of the appellee firm, and his statements relating to the subject may have been admissible; but certainly the conversation with Mr. Storey, the attorney, was clearly hearsay, and the entire answer was offered as a whole. In such cases the rule is well established that where a general objection is made to testimony, a part of which is subject thereto, it is not error for the court to exclude all of the testimony. In other words, where evidence is offered as a whole and a part of it is incompetent and subject to the objection made, the exclusion of the whole is not error. See Cole v. Horton (Tex. Civ. App.) 61 S. W. 503; Robinson v. Stuart, 73 Tex. 267, 11 S. W. 275; Rice v. Taliaferro (Tex. Civ. App.) 156 S. W. 242. The court also excluded the answer of the witness Russell to the tenth interrogatory propounded to him, and error is assigned to the ruling. The following is the answer:

"No, we had no idea of being called on to make payments in any other way only in oil runs from the wells."

We are of the opinion that the answer was properly excluded. The note, by its terms, is clearly made payable in money at a specified date, and cannot be varied by a mere understanding of a witness.

There is no evidence presented in the record tending to show that in the execution of the note and trust deed and supplemental agreement there was any fraud, accident, or mutual mistake in the use of the terms, and these writings, therefore, must measure the obligation of the parties. The supplemental agreement, in our judgment, when construed together with the note and trust deed, does not have the legal effect to alter the due date of the note as written; it merely gave the right to the maker of the note to apply 50 per cent. of the oil runs that should be produced from the wells upon the lease. We think it quite probable, as appears from the testimony of several of the witnesses, that it was thought by the parties to the instruments named that 50 per cent. of the oil runs from the wells would in fact discharge the note before its due date; but there is nothing, as we find, in the supplemental agreement to the effect that in the event the note should not be discharged within the four months that the due date should be extended.

There is a further contention that the note has been paid, but no evidence whatever is pointed out showing error in the judgment in this respect.

All assignments of error are overruled, and the judgment is affirmed.