HILL v. DAVIS.

No. 12042.

Court of Civil Appeals of Texas. San Antonio.

Jan. 25, 1950.

Rehearing Denied Feb. 23, 1950.

David R. White, Uvalde, for appellant.

J. B. Ator, Uvalde, C. H. Gilmer, Rocksprings, for appellee.

**W. O. MURRAY, Chief Justice.**

This case involves the contest by appellant, Fred Hill, of the application of appellee, John N. Davis, filed in the County Court of Uvalde County, for the probating of a certain instrument dated October 1, 1947, and purporting to be the last will of Mary E. Byrd, deceased. After a hearing the special county judge entered an order admitting the alleged will to probate. An appeal was taken from this order to the District Court of Uvalde County, and on May 10, 1949, after a jury trial, the district judge entered an order admitting the alleged will to probate as the last will and testament of Mary E. Byrd, deceased. From that verdict and judgment appellant, Fred Hill, has prosecuted this appeal.

Appellant bases his entire appeal upon the failure of the trial court to submit to the jury his requested Special Issues No. One and No. Two. The requested issues read as follows:

"Special Issue No. One requested by contestant, Fred Hill: Do you find and believe from a preponderance of the evidence it was the purpose and intention of Mrs. Mary E. Byrd (Mollie Byrd) at the time she gave Judge Bob Davis the information from which the purported will introduced in evidence was prepared and at the time she executed the same, if you have found that she did execute it, to vest the title to all her property, after the payment of her just debts as provided in such instrument, in John N. Davis?

"Special Issue No. Two requested by Contestant, Fred Hill: Do you find and believe from a preponderance of the evidence that it was the purpose and intention of Mrs. Mary E. Byrd (Mollie Byrd) at the time she gave the information to Judge

Bob Davis from which the purported will introduced in evidence was prepared and at the time she executed the same, if you find that she did execute it, to empower and authorize thereby the said John N. Davis to use and spend the remainder of her property, after the payment of her just debts as provided in such will, in the manner orally directed by her as testified to by Judge Bob Davis?"

The testatrix, Mary E. (Mollie) Byrd at the time she executed the purported will was seventy-six years and seven months of age. She went to Judge Bob Davis, County Judge of Uvalde County, on several occasions asking him to write her will for her. Judge Davis ultimately asked her to whom she wanted to leave her property and she told him to his brother John N. Davis, whereupon he told her that he would not write the will for her, but that he would get a lawyer to do so. He gave such information as he had received from Mrs. Byrd to J. B. Ator, an attorney of Uvalde, and asked him to prepare Mrs. Byrd's will for her. Later Mrs. Byrd told Judge Davis that she had been to Ator's office and that he was not in and asked him if he would get the will for her and bring it to her home. Judge Davis did this, and not finding Mrs. Byrd at home went to his brother's feed store in Uvalde and inquired concerning the whereabouts of Mrs. Byrd. Shortly thereafter she came into the store and Judge Davis gave her the will with instructions to read it. After keeping the will for some time Mrs. Byrd signed it, in the presence of two witnesses. When Judge Davis was asked on the witness stand if Mrs. Byrd read the will, he stated that she had it long enough to have read it. She was able to read and write. It is not necessary to here set out the will, suffice it to say that it was in due and legal form and plain and unambiguous, and made John N. Davis her beneficiary after the payment of all debts. John N. Davis was also made independent executor of the will without bond.

Fred Hill was the nephew of Mrs. Byrd and contested the application to probate the will on the following four grounds:

"(1) Lack of mental capacity of the Testatrix, Mary E. Byrd;

"(2) That the instrument sought to be probated had not been executed by Mary E. Byrd and the purported signature was not her signature;

"(3) That if the said instrument was, in fact, signed by Mary E. Byrd, she was unduly influenced to do so by the compulsion and argument of, and to avoid the importunities of other persons, to-wit, John Davis and others;

"(4) That if the said Mary E. Byrd did execute or sign said instrument, she was at the time, under the influence of intoxicating liquors, to the extent that she was not capable of exercising judgment and reason, and the will was therefore invalid."

The case was submitted to the jury on two issues and the jury by the answers thereto found: First, that Mrs. Byrd had testamentary capacity at the time she executed the will in controversy, and, second, that she was not caused to execute the will in controversy by the exercise of undue influence upon her by John N. Davis. Appellant does not complain that the matters raised by his second and fourth grounds of opposition to the probating of the will were not submitted to the jury, and therefore they are waived. As heretofore stated, the only complaint raised in appellant's appeal is the failure of the trial court to submit his two requested special issues. Rule 67, Texas Rules of Civil Procedure, among other things, provides as follows: " * * * written pleadings, before the time of submission, shall be necessary to the submission of special issues, as is provided in Rules 277 and 279."

It is well settled law that before a defendant will be heard to complain of the court's action in refusing to submit to the jury an affirmative defense of the defendant, he must show that he has affirmatively plead such defense, and where there is a want of pleadings the court properly refused to submit such special issue. We are therefore of the opinion that the trial court properly refused to submit the two requested special issues of appellant. 44 Tex.Jur., p. 916, § 332; Safety Casualty Co. v. Teets, Tex.Civ.App., 195 S.W.2d 767; Hamill & Smith v. Parr, Tex.Civ.App., 173

S.W.2d 725; Robinson v. Stuart, 73 Tex. 267, 11 S.W. 275; Vickery v. Hobbs, 21 Tex. 571, 73 Am.Dec. 238.

■ Appellant further contends, however, that the burden of proof was upon the proponent of the will to show that the testatrix intended the instrument offered in probate as her last will and testament. In other words, there must be *animus testandi*. This is no doubt true, but when the proponent showed that Mrs. Byrd was able to read and write, had ample opportunity to read the will before signing it, and then deliberately signed it in the presence of witnesses it will be presumed that she intended the instrument to be what it showed upon its face it was; her last will and testament. As was said by this Court in Frost National Bank v. Boyd, Tex.Civ.App., 188 S.W.2d 199, 209: "It is generally considered from the standpoint of policy and experience that the best proof of knowledge of the contents of a written instrument is the fact that a person alleged to have such knowledge actually signed and executed the instrument. This rule is applicable to all but the most unusual cases."

■■ The jury found that Mrs. Byrd had testamentary capacity at the time she signed the will and that there was no undue influence. These findings of the jury, together with the fact that Mrs. Byrd was a person who could read and write and had ample opportunity to read the will before signing it, was not prevented in any way from doing so, is sufficient evidence to establish the fact that she intended this instrument as her last will and testament. The fact that she at one time stated that she was going to leave her property to the undertaker and on another occasion that she was going to leave it to the cemetery is entirely insufficient to show that she did not intend the plain provisions stated in her will. A will can not be impeached by simply showing prior contradictory statements made by the testatrix. Bonilla v. Lujan, Tex.Civ.App., 168 S.W.2d 691, and authorities there cited.

The cases cited by appellant are not in point here, for instance, in Brackenridge v. Roberts, 114 Tex. 418, 267 S.W. 244,

there was evidence to the effect that Mr. Brackenridge did not intend to execute a will at the time he was writing what was alleged to be his last will, but was merely demonstrating what he would write in the event he should decide to change his will, and therefore we have a different situation in that case from the present case. In Langehennig v. Hohmann, 139 Tex. 452, 163 S.W.2d 402, the purported will was ambiguous, and from its terms a question was raised as to the intention and purpose of the testator. In Ellsworth v. Aldrich, Tex. Civ.App., 295 S.W. 206, the will had been revoked and was therefore not entitled to be probated. There is no contention here that Mrs. Byrd ever revoked the instrument here offered for probate. In Combs v. Howard, Tex.Civ.App., 131 S.W.2d 206, the testatrix had executed a will in duplicate and had afterwards destroyed one copy of the will, and thus an issue of fact was raised as to whether by the destruction of the will she had intended to revoke the will. We have no such similar facts here.

■■ There is another reason why the court properly refused to submit appellant's two requested special issues. They are both duplicitous and inquire about testatrix' intention on two different occasions, one when she gave Judge Bob Davis the information from which the proposed will was prepared, and the other at the time she signed the purported will. Her intention could very easily have been different on these two occasions. These issues were defective in that they presumed that Mrs. Byrd had the same intention on both occasions. It is the duty of a party requesting the special issue to submit one that is substantially correct. Rule 279, T.R.C.P.

■ Still another reason why the trial court properly refused to submit appellant's requested special issues is that they do not relate to an ultimate issue but are evidentiary in their nature. The issues as submitted did not inquire as to whether Mrs. Byrd intended to execute a will on the occasion in question, in other words, whether there was *animus testandi*, but whether she intended by the instrument which she did execute to vest the title to all of her prop-

erty in John N. Davis. This would be more of an inquiry as to the construction to be placed upon the purported will rather than an inquiry as to whether there was *animus testandi*. The matter of the construction of a will is not to be decided on the application to probate the will. The questions which contestant sought to have propounded to the jury were as to what Mrs. Byrd intended by executing the proposed will, rather than whether or not she intended to execute it as her last will and testament.

Finding no error in the record, the judgment is affirmed.