D. A. FORTINBERRY, Appellant,

v.

C. I. FORTINBERRY, Appellee.

No. 3645.

Court of Civil Appeals of Texas.

Waco.

June 25, 1959.

Rehearing Denied Aug. 17, 1959.

718

Peter P. Cheswick, Houston, for appellant.

Ansel M. Kahn, Houston, for appellee.

McDONALD, Chief Justice.

This is an appeal from a summary judgment that plaintiff take nothing in his suit to set aside a final judgment probating a will as a muniment of title. Dudley Fortinberry, father of plaintiff and defendant, died in August 1937, leaving a written will in which he devised all of his property to his surviving wife, Laura Fortinberry (mother of plaintiff and defendant). Laura Fortinberry had possession of the will after the death of Dudley Fortinberry but never probated it. On *23 October 1946* Laura Fortinberry sold the real property belonging to Dudley Fortinberry (and which had been devised to her in his will), to C. I. Fortinberry, the defendant herein, and on *29 October 1946* C. I. Fortinberry as a grantee from said sole devisee filed application in the County Court of Harris County for the probate of the will of Dudley Fortinberry as a muniment of title. Notices on said application were duly posted, served and returned by the Sheriff of Harris County in the manner and for the length of time prescribed by Arts. 3310, 3333, and 3334, Vernon's Ann.Tex.St. (now known as Secs. 33 and 128 Probate Code, V.A.T.S.). Thereafter on *12 November 1946* the County Court probated such will as a muniment of title. Laura Fortinberry died on 4 March 1954. Plaintiff D. A. Fortinberry, on *8 January 1958*, filed the instant proceeding to set aside the probate of the will of his father more than 11 years after the probate thereof and nearly four years after he discovered the probate of such will. (Plaintiff's contention is that the will could not be probated more than four years after the death of Dudley Fortinberry, and that absent the will, he has an interest in the property.)

On the foregoing facts the Trial Court rendered summary judgment that plaintiff take nothing. Plaintiff appeals on four points, which present two basic conten-

tions: The Trial Court erred in not setting aside the 12 November 1946 judgment probating the will because: 1) Such judgment is void for want of personal service on plaintiff; 2) Laura Fortinberry, in not probating the will within four years after the death of her husband, abandoned and waived her rights under the will, and the grantee by deed of Laura Fortinberry is in no better position than she would have been in.

■ We revert to plaintiff's first contention, that he was entitled to personal service. Plaintiff and defendant are brothers. Their father Dudley Fortinberry died in 1937, leaving a will by which he left all of his property to his wife, who is mother of the litigants herein. The wife had possession of the will but did not probate it. In 1946 she, by deed, sold some of the real property (covered by the will) to defendant herein. Defendant recorded his deed; then secured the will from his mother and made application for its probate as a muniment of title. Service of citation was had by posting in the manner provided by Articles 3310, 3333 and 3334. Plaintiff contends that since the net result of probating of the will was to perfect title to real estate in defendant, which he, plaintiff, would have an interest in if the will be not probated, that a personal service on him was a requisite to a valid judgment. The articles cited provide that service shall be by posting notices. Plaintiff concedes that he has found no case to sustain his contention that he should have been personally served. On the contrary the following cases hold that no personal service is required to probate a will (except where the will cannot be produced in court); Smith v. Mann, Tex.Civ.App., 296 S.W. 613, W/E Refused; Mitchell v. Mitchell, Tex.Civ.App., 233 S.W.2d 187, 190 (no writ hist.); Shaffer v. Luby's Estate, Tex. Civ.App., 297 S.W. 582, W/E Refused; Eubanks v. Jackson, Tex.Civ.App., 280 S.W. 243, W/E Refused. The fact that the will was not offered for probate until more than four years after the death of the testator does not alter the jurisdiction of the Probate Court, or the type of service requisite to a probating of the will. Plaintiff's contentions as to service are overruled.

Plaintiff's second contention is that Laura Fortinberry, in not offering the will for probate within four years after the death of the testator, could not by deed pass any rights thereunder to the plaintiff.

■ Under Art. 3326 V.A.T.S. (now Sec. 73 Probate Code, V.A.T.S.) wills may be admitted to probate after the lapse of four years from the death of the testator, if the proponent was not in default in failing to present same for probate within four years. A purchaser from a devisee is entitled to have a will probated when same constitutes an essential link in his title. St. Mary's Orphan Asylum of Texas v. Masterson, 57 Tex.Civ.App. 646, 122 S.W. 587, 590, W/E Refused; Lutz v. Howard, Tex. Civ.App., 181 S.W.2d 869 (no writ hist.); Hill v. Davis, Tex.Civ.App., 227 S.W.2d 381, W/E Refused. The Lutz and Hill cases, supra, involving closely analogous factual situations, hold that a purchaser from a devisee is entitled to probate the will after four years when same constitutes an essential link in his title, and that *only the default of the party applying for probate of the will is an issue.* The default of one proponent does not cut off the right of another proponent not in default, to probate the will, as a muniment of title.

■ In the case at bar defendant claims under a deed he received from his mother. Until he received the deed he had no right or interest in probating of his father's will. Six days after he received the deed he offered the will for probate. Under the foregoing authorities he was entitled to so proceed. Obviously, a delay of six days after he was entitled to proceed is not sufficient time to put him in default in not offering the will for probate.

Plaintiff's second contention is overruled.

■ Further to the foregoing, the record reflects that the will of Dudley Fortin-

berry was admitted to probate on *12 November 1946*; that plaintiff learned of the probate of such will in *March 1954*. The instant case was filed on *8 January 1958*. Section 31 of the Probate Code (Vol. 17A V.A.T.S.) precludes plaintiff from instituting suit more than two years after the judgment probating the will; and Section 93 of the Probate Code (Vol. 17A V.A.T.S.) precludes the filing of suit more than two years after the will was admitted to probate, or in the event of fraud, two years after the discovery of such fraud. This case was filed eleven years after the probate of the will, and three years ten months after discovery by plaintiff of such action; for which additional reason plaintiff's contentions are overruled.

The judgment of the Trial Court is affirmed.