ACCEPTED
03-14-00035-CV
8310086
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/18/2015 4:05:19 PM
JEFFREY D. KYLE
CLERK

# No. 03-14-00035-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/18/2015 4:05:19 PM
JEFFREY D. KYLE
Clerk

**In the Third Court of Appeals of Texas**

**In the Estate of
Evelyn Landua Koehler, Deceased**

An Appeal from County Court at Law No. 1 of Bell County, Texas
The Honorable Judge Edward Johnson, Presiding
Trial Court Cause No. 29,462

## APPELLEE'S BRIEF

**JACK R. CREWS**
State Bar Card No.: 05072300
(254) 743-7320 – Direct
E-mail: jackcrews@bcswlaw.com
**KENNETH R. VALKA**
State Bar Card No.: 20435300
(254) 743-7350 – Direct
E-mail: kenvalka@bcswlaw.com
**BENJAMIN D. BURNETT**
State Bar Card No.: 24072012
(254) 743-7324 – Direct
E-mail: benjaminburnett@bcswlaw.com
15 North Main Street
Temple, Texas 76501
Fax: (254) 774-9353

ATTORNEYS FOR APPELLEE

ORAL ARGUMENT NOT REQUESTED

# No. 03-14-00035-CV

## In the Third Court of Appeals of Texas

## In the Estate of
## Evelyn Landua Koehler, Deceased

## IDENTITY OF PARTIES AND COUNSEL

**Casey A. Koehler, Appellant**
**Jennifer Phy, Appellant**

*Trial and appellate counsel for
Contestants/Appellants:*

**NAMAN, HOWELL, SMITH & LEE, PLLC**
**Robert Little**
State Bar No. 24050940
little@namanhowell.com
**Kristen A. Mynar**
State Bar No. 24074785
kmynar@namanhowell.com
**Jeffrey A. Armstrong**
State Bar No. 24038747
jarmstrong@namanhowell.com
400 Austin Avenue, Suite 800
Waco, TX 76701
Telephone: 254.755.4100
Facsimile: 254.754.6331

**Kanda Koehler, Appellee**

*Appellate counsel for Applicant/
Appellee*:

**BAIRD, CREWS, SCHILLER & WHITAKER P.C.**
**Jack R. Crews**
State Bar No.  05072300
jackcrews@bcswlaw.com
**Kenneth R. Valka**
State Bar No.  20435300
kenvalka@bcswlaw.com
**Benjamin D. Burnett**
State Bar No.  24072012
benjaminburnett@bcswlaw.com
15 North Main Street
Temple, TX   76501-7629
Telephone:  254.774.8333
Facsimile:  254.774.9353

*Trial Counsel for Appellee:*

**HARRELL & STOEBNER, P.C.**
**J. Eric Stoebner**
State Bar Card No.:  24045919
2106 Bird Creek Drive
Temple, Texas 76502

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ..........................................................i

TABLE OF CONTENTS ...............................................................................iii

INDEX OF AUTHORITIES ...........................................................................iv

STATEMENT REGARDING ORAL ARGUMENT..........................................1

APPELLEE'S REPLY POINTS ......................................................................2

STATEMENT OF THE CASE .........................................................................3

STATEMENT OF FACTS ...............................................................................3

OBJECTION TO APPELLANTS' BRIEF AND MOTION TO STRIKE ..................8

SUMMARY OF THE ARGUMENT ..................................................................9

STANDARD OF REVIEW.............................................................................10

ARGUMENT AND AUTHORITIES ................................................................12

    I.   THE TRIAL COURT WAS CORRECT IN FINDING THAT APPELLEE WAS NOT IN DEFAULT FOR OFFERING THE CODICIL MORE THAN FOUR YEARS AFTER DECEDENT'S DEATH..........................................................................12

    II.  THERE IS NO FINDING THAT JOHN L. KOEHLER WAS IN DEFAULT, AND THEREFORE A DEFAULT CANNOT BE IMPUTED TO APPELLEE........................17

PRAYER.....................................................................................................21

# INDEX OF AUTHORITIES

## Cases

*Armstrong v. Carter*, 291 S.W. 626 (Tex. Civ. App.—Waco 1927, no writ) .................. 13

*Brown v. Byrd*, 512 S.W.2d 753 (Tex. Civ. App.—Tyler 1974, no writ) ......................... 13

*Cantu v. Horany*, 195 S.W.3d 867 (Tex. App.—Dallas 2006, no pet.) ............................. 9

*City of Keller v. Wilson*, 168 S.W.3d 802 (Tex. 2005) ...................................................... 11

*Fortinberry v. Fortinberry*, 326 S.W.2d 717 (Tex. Civ. App.—Waco 1959, writ ref'd n.r.e.) ............................................................................................................................. 19

*Garza v. Alviar*, 395 S.W.2d 821 (Tex. 1965) ................................................................. 12

*Graham Cent. Station, Inc. v. Pena*, 442 S.W.3d 261 (Tex. 2014) .................................... 11

*House v. House*, 222 S.W. 322 (Tex. Civ. App.—Texarkana 1920, writ dism'd w.o.j.).. 13

*Hughes v. Pearcy*, No. 03-10-00319-CV, 2014 Tex. App. LEXIS 13059 (Tex. App.—Austin Dec. 8, 2014, pet. denied) .................................................................................. 11

*In re Estate of Williams*, 111 S.W.3d 259 (Tex. App.—Texarkana 2003, pet. denied).... 19

*In the Estate of Campbell*, 343 S.W.3d 899 (Tex. App.—Amarillo 2011, no pet.) ... 11, 12, 13, 14, 16, 18, 19, 20, 21

*In the Estate of Rothrock*, 312 S.W.3d 271 (Tex. App.—Tyler 2010, no pet.) ................. 10

*Kamoos v. Woodward*, 570 S.W.2d 6 (Tex. Civ. App.—San Antonio 1978, writ ref'd n.r.e.) ............................................................................................................................. 13

*McMillin v. State Farm Lloyds*, 180 S.W.3d 183 (Tex. App.—Austin 2005, pet denied). ...................................................................................................................................... 11, 12

*Raw Hide Oil & Gas, Inc. v. Maxus Exploration Co.*, 766 S.W.2d 264 (Tex. App.—Amarillo 1988, writ denied) .......................................................................................... 12

*Santa Fe Petroleum, L.L.C. v. Star Canyon Corp.*, 156 S.W.3d 630 (Tex. App.—Tyler 2004, no pet.) .................................................................................................................. 10

*Schindler v. Schindler*, 119 S.W.3d 923 (Tex. App.—Dallas 2003, pet. denied) 10, 17, 18, 20

*St. Mary's Orphan Asylum v. Masterson*, 57 Tex. Civ. App. 646, 121 S.W. 587 (Tex. Civ. App.—San Antonio 1909, writ ref'd) ......................................................................... 19

## Statutes

Tex. Prob. Code § 3(ff) .................................................................................................... 13

Tex. Prob. Code § 73(a) .............................................................................................. 12, 20

**Treatises**

*Johanson's Texas Estates Code Annotated § 256.003* Commentary (2015) ....................20
*Johanson's Texas Probate Code Annotated § 73* Commentary (2013) ...........................20

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Texas Rule of Appellate Procedure 39.1, Appellee, Kanda Koehler, does not request oral argument because the facts and legal arguments are adequately presented in the briefs. However, if oral argument is granted, Ms. Koehler desires to participate.

## APPELLEE'S REPLY POINTS

1. **The trial court was correct in finding that Appellee was not in Default for offering the Codicil more than four years after Decedent's death**

2. **There is no finding that John L. Koehler was in default, and therefore a default cannot be imputed to Appellee**

## STATEMENT OF THE CASE

This case involves the probate of a holographic codicil, dated November 24, 2008 (the "Codicil"), to the Last Will and Testament of Evelyn Koehler (the "Will") more than four years after her death.[1] After a bench trial, the trial court ordered the Codicil admitted to probate, found that Appellee was not in default in offering the Codicil for probate more than four years after Evelyn Koehler's ("Decedent") death, and concluded that Appellee had no legal standing to offer the Codicil until more than four years had expired from the date of Decedent's death.[2]

## STATEMENT OF FACTS

Decedent died on December 28, 2008 in Belton, Bell County, Texas.[3] Decedent left the Will, which was dated May 29, 2001.[4] Decedent also left the Codicil, which was dated November 24, 2008 and was never revoked.[5] The Codicil is solely in Decedent's handwriting and is signed by Decedent.[6] It states:

> Since the death of my son, David Koehler, it is my wish and will that the property I share equally with my son, John L. Koehler in Llano, Texas go to John L. Koehler when my

---

[1] C.R. 28-30.

[2] C.R. 61-62, 65-66.

[3] C.R. 28.

[4] *Id*.

[5] R.R. Vol. 3, Petitioner's No. 1; R.R. Vol. 2, p. 35, lines 1-4.

[6] R.R. Vol. 2, p. 16, lines 2-9.

property is divided upon my death because he took care of it, of me and Charles F. Koehler, his brother, and that as executor of my will that John L. Koehler be the trustee for Charles F. Koehler when remaining of my property is divided to John L. Koehler and Charles F. Koehler equally.[7]

Decedent executed the Codicil because Appellants never went to see Decedent and they did not care about Decedent.[8] Appellants did not even attend Decedent's funeral.[9]

On March 12, 2012, Appellants, along with Terry Smith Koehler, filed an Application to Compel Delivery of Will urging the trial court to compel John Koehler ("John") to deliver the Will and Codicil to the Bell County Clerk.[10] On March 13, 2012, the trial court signed a Show Cause Order directing John to appear in court to show cause why he should not deliver the Will and Codicil to the court for probate.[11] In April 2012, John died.[12] John left a will ("John's Will") naming Appellee, among others, as a beneficiary, and as a co-executor along with

---

[7] R.R. Vol. 3, Petitioner's No. 1.

[8] R.R. Vol. 2, p. between 48 and 49, lines 11-23. It appears that a page number was left off of this particular page in the Reporter's Record.

[9] *Id.*

[10] C.R. 77-79.

[11] C.R. 83.

[12] R.R. Vol. 2, p. 35, lines 11-15.

Appellant Phy.[13]  Although she was aware of the existence of the Codicil prior to Decedent's death, Appellee was not provided a copy of the Codicil until June 2012, by counsel for Appellants.[14]  Appellee had numerous conversations with Kristen Mynar, an attorney for Appellants, and wanted to hire Ms. Mynar as her attorney.[15]  Ms. Mynar never advised Appellee that there was a time limit or "ticking clock" to file the Codicil for probate.[16]  Ms. Mynar never informed Appellee that she needed to take action by a certain time or else her rights or the rights of others would be prejudiced.[17]  It was Appellee's understanding, from a conversation with Ms. Mynar, that the Codicil was already on file with the Court.[18]  Appellee did not understand the difference between filing it with the court versus applying for it to be probated.[19]

After receiving a copy of the Codicil, Appellee began looking for an attorney in Bell County, Texas.[20]  In August or September 2012, Appellee hired an

---

[13] R.R. Vol. 2, p. 36, lines 6-12.

[14] R.R. Vol. 2, p. 50, lines 17-19; p. 51, lines 24-25, p. 52, lines 1-4.

[15] R.R. Vol. 2, p. 52, lines 19-55; p. 53, lines 1-12.

[16] R.R. Vol. 2, p. 61, lines 8-11.

[17] R.R. Vol. 2, p. 61, lines 12-18.

[18] R.R. Vol. 2, p. 62, lines 1-7.

[19] R.R. Vol. 2, p. 59, lines 14-23; p. 62, lines 1-7.

[20] R.R. Vol. 2, p. 38, lines 6-11.

attorney in Bell County, Texas.[21]

On August 12, 2012, Appellant Phy filed her Application for Independent Administration and Letters of Administration Pursuant to Section 145(d) of the Texas Probate Code (the "Application").[22] Appellee does not recall whether or not she received a copy of the Application.[23] Appellant Phy offered the Will for probate, but intentionally did not offer the Codicil because "she does not believe it was executed with the formalities and solemnities required by law to make it a valid codicil."[24] Appellant Phy delivered the original Codicil to the clerk of the trial court for "keeping".[25] At no point in time did Appellee possess the original Codicil.[26] The Will contains six different beneficiaries, of which Appellee is not named.[27] The Codicil, on the other hand, lists only John and Charles Koehler as beneficiaries.[28] Like the Will, Appellee is not named as a beneficiary in the

---

[21] R.R. Vol. 2, p. 62, lines 14-16.

[22] C.R. 5-8.

[23] R.R. Vol. 2, p. 60, lines 4-8.

[24] C.R. 6.

[25] *Id*.

[26] R.R. Vol. 2, p.36, lines 15-17.

[27] C.R. 7.

[28] R.R. Vol. 3, Petitioner's No. 1.

Codicil.[29] On July 29, 2013, the trial court signed an order admitting the Will to probate and appointing Appellant Phy as the Dependent Administratix of Decedent's Estate.[30]

On April 24, 2013, John's Will was admitted to probate and Appellee was appointed Administratix of John's Estate.[31] After being appointed Administratix of John's Estate, Appellee applied to the court for permission to offer the Codicil for probate in Decedent's Estate.[32] In August 2013, the court granted permission for Appellee to file the Codicil for probate in Decedent's Estate, at which time Appellee instructed her trial counsel to probate the Codicil.[33]

On August 27, 2013, Appellee filed her Application for Probate of Holographic Codicil and Letters of Administration with Codicil Annexed seeking to have the court admit the Codicil to probate.[34] On October 23, 2013, an evidentiary hearing was conducted in the trial court regarding Appellee's application to have the Codicil admitted to probate.[35] On November 13, 2013, the

---

[29] *Id.*

[30] C.R. 27.

[31] C.R. 66 (See Conclusions of Law).

[32] R.R. Vol. 2, p. 38, lines 24-25; p. 39, lines 1, 10-13.

[33] R.R. Vol. 2, p. 7, lines 3-8; p. 39, lines 14-20.

[34] C.R. 28-30.

[35] C.R. 61-62.

trial court signed an Order Admitting Holographic Codicil to Probate (the "Order") instructing the clerk of the court to record the Codicil and Application in the judge's probate docket.[36] On December 5, 2013, the Court filed its Findings of Fact and Conclusions of Law finding, among other things, that Appellee's actions in not filing an application to probate the Codicil until she did were not unreasonable under the existing circumstances, that she acted and used due diligence in filing the application, that the admission of the Codicil to probate would not work an injustice or frustrate the intent of the Decedent, that Appellee was not in default in failing to offer the Codicil on or before December 24, 2012, and concluding that Appellee had no standing to offer the Codicil for probate until John's Will was admitted to probate and Appellee was appointed Administratix of John's Estate.[37]

## OBJECTION TO APPELLANTS' BRIEF AND MOTION TO STRIKE

In their brief, Appellants attach Decedent's Last Will and Testament and documents purported to be in John's handwriting in the Appendix. The documents attached in the Appendix as appendices "A", "B", and "C" are not part of the record on this appeal nor comply with Texas Rules of Appellate Procedure 38.1(k). Appellee objects to Appellants' inclusion of appendices "A", "B", and "C" in their appendix and request that the Court not consider said documents and move to

---

[36] *Id.*

[37] C.R. 65-66.

strike those appendices and any references to them, or arguments based on them, from the Appellants' Brief. An appellate court cannot consider documents cited in a brief and attached as appendices if they are not formally included in the record on appeal. *Cantu v. Horany*, 195 S.W.3d 867, 870 (Tex. App.—Dallas 2006, no pet.).

## SUMMARY OF THE ARGUMENT

Appellee had the burden to show the trial court that she was not in default for offering the Codicil more than four years after Decedent's death. The trial court, in considering the existing circumstances, found that Appellee acted with reasonable diligence in offering the Codicil for probate and was therefore not in default. Appellants cannot demonstrate that there is no evidence, or merely a scintilla of evidence, to support the trial court's findings. The trial court's findings are not so weak or so contrary to the overwhelming weight of the evidence that the findings should be set aside. The evidence offered at trial would enable reasonable and fair-minded people to reach the same decision as the trial court. Accordingly, the trial court correctly found that Appellee was not in default for offering the codicil more than four years after Decedent's death.

Appellants also assert that John's default for failing to offer the Codicil for probate prior to his death is imputed to Appellee. The trial court did not make a finding that John was in default, and Appellants did not request further findings of fact. As such, because the trial court did not find that John was in default,

Appellants' second point of error should be overruled. In any event, such default, if it existed, should not be imputed to Appellee.

## STANDARD OF REVIEW

Appellants have failed to make clear under what standard they are attacking the trial court's findings. In their standard of review section, Appellants discuss the standard of review for reviewing a trial court's conclusions of law.[38] However, Appellants do not expressly contest the trial court's sole conclusion of law. Rather, it appears that Appellants attempt to contest the trial court's findings of fact, which are reviewed for legal and factual sufficiency.

The question of whether the party applying for probate is in default is ordinarily a question of fact for the trial court. *In the Estate of Rothrock*, 312 S.W.3d 271, 273 (Tex. App.—Tyler 2010, no pet.) (citing *Schindler v. Schindler*, 119 S.W.3d 923, 929 (Tex. App.—Dallas 2003, pet. denied)). The trial court's findings of fact after a bench trial are reviewable for legal and factual sufficiency by the same standards applied in reviewing the evidence supporting a jury's answer. *Rothrock*, 271 S.W.3d at 274 (citing *Santa Fe Petroleum, L.L.C. v. Star Canyon Corp.*, 156 S.W.3d 630, 636 (Tex. App.—Tyler 2004, no pet.)).

When an appellant challenges the legal sufficiency of the evidence supporting an adverse finding of fact for which the opposing party had the burden

[38] See Appellants' Brief, p. 9.

of proof, the appellant must demonstrate that there is no evidence, or merely a scintilla of evidence, to support the adverse finding. *Graham Cent. Station, Inc. v. Pena*, 442 S.W.3d 261, 263 (Tex. 2014); *Hughes v. Pearcy*, No. 03-10-00319-CV, 2014 Tex. App. LEXIS 13059, *14-15 (Tex. App.—Austin Dec. 8, 2014, pet. denied). Evidence is legally insufficient when (a) there is a complete absence of evidence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; or (d) the evidence conclusively establishes the opposite of the vital fact. *McMillin v. State Farm Lloyds*, 180 S.W.3d 183, 200 (Tex. App.—Austin 2005, pet. denied). In conducting a legal sufficiency review, the Court must consider the evidence in the light most favorable to the challenged finding and indulge every reasonable inference to support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). The Court must also credit favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *Id.* at 827. The final test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review. *In the Estate of Campbell*, 343 S.W.3d 899, 904 (Tex. App.—Amarillo 2011, no pet.) (citing *City of Keller*, 168 S.W.3d at 827).

A factual sufficiency review is based on either (1) insufficient evidence or (2) being against the great weight and preponderance of the evidence. *Raw Hide Oil & Gas, Inc. v. Maxus Exploration Co.*, 766 S.W.2d 264, 275-76 (Tex. App.—Amarillo 1988, writ denied). The insufficient-evidence standard is used to evaluate the evidence supporting an issue on which the appellant did not have the burden of proof at trial. *McMillin*, 180 S.W.3d at 201. The appellate court must consider and weigh all evidence in the record to determine whether the evidence supporting the finding is so weak or the finding is so contrary to the overwhelming weight of the evidence that the finding should be set aside. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965). Appellate courts will not reverse merely because a different finding is supported by a preponderance of the evidence. *McMillin*, 180 S.W.3d at 201.

## ARGUMENT AND AUTHORITIES

I.   **The trial court was correct in finding that Appellee was not in Default for offering the Codicil more than four years after Decedent's death**

Generally, no will shall be admitted to probate after the lapse of four years from the death of the testator unless it be shown by proof that *the party applying for such probate* was not in default in failing to present same for probate within four years aforesaid. (Emphasis added). Tex. Prob. Code § 73(a)[39]; *Campbell*, 343

---

[39] The Texas Probate Code has been replaced by the Texas Estates Code, but because the trial occurred while the Texas Probate Code was still in effect and the record is replete with references to it, Appellee will refer to the Texas Probate Code.

S.W.3d at 902. The definition of "will" includes a codicil. Tex. Prob. Code § 3(ff). In this context, "default" means a failure due to the absence of reasonable diligence on the part of the proponent. *Brown v. Byrd*, 512 S.W.2d 753, 755 (Tex. Civ. App.—Tyler 1974, no writ) (citing *House v. House*, 222 S.W. 322, 325 (Tex. Civ. App.—Texarkana 1920, writ dism'd w.o.j.)). The burden is on the party applying for probate to show she or he was not in default for offering a will for probate more than four years after a decedent's death. *Campbell*, 343 S.W.3d at 903. The question of whether the party applying for probate is in default is ordinarily a question of fact for the trial court. *Kamoos v. Woodward*, 570 S.W.2d 6, 7-8 (Tex. Civ. App.—San Antonio 1978, writ ref'd n.r.e.) (citing *Armstrong v. Carter*, 291 S.W. 626, 627 (Tex. Civ. App.—Waco 1927, no writ)). In *Armstrong*, the 10th Court of Appeals stated:

> Clearly, the intention of the Legislature was to lodge with the trial court or jury the power to determine as a question of fact, where there is any evidence raising the issue, whether there was a default. The tendency of our courts has been from the earliest decisions to permit wills to be filed after the four-year period, where there is any evidence of a probative force which would excuse the failure to offer the will sooner.

(Citations omitted). *Armstrong*, 291 S.W. at 627. The long standing practice in Texas is to admit wills to probate as a muniment of title more than four years after the testator's death where doing so would not work an injustice and the proponent

of the will can establish reasonable diligence on her or his part *alone* in offering the will for probate. (Emphasis added). *Campbell*, 343 S.W.3d at 906.

In reading decisions of the various Courts of Appeals that address the issue of default in offering a will, it is apparent that the decision in each case depends heavily upon the specific facts to the particular case. In the present case, Appellee did not receive a copy of said Codicil until June 2012, and was never in possession of the original Codicil.[40] Appellee was neither an executor nor a beneficiary of either the Will or Codicil.[41] The original Codicil was filed with the clerk of court for keeping by Appellants.[42] The trial court found that Appellee testified that she did not know nor understand the "effect" of the filing of the Codicil with the County Clerk of Bell County, Texas for safe keeping.[43] Appellee knew that counsel for Appellants had filed the Codicil with the clerk of court, but is not sure whether or not she received a copy of the Application.[44] After several conversations with Ms. Mynar, Appellee quickly sought counsel in Bell County, Texas, and hired said counsel in August or September 2012 to get the probate moving, believing that the

---

[40] R.R. Vol. 2, p. 51, lines 24-25; p. 52, lines 1-4.

[41] R.R. Vol. 3, Petitioner's No. 1; C.R. 6-7.

[42] C.R. 6.

[43] C.R. 65.

[44] R.R. Vol. 2, p. 62, lines 1-7; p. 60, lines 4-8.

probate of the Codicil and John's Will were connected.[45] As co-executor of John's Will, Appellee was appointed Administratix of John's Estate on April 24, 2013.[46] As Administratrix of John's Estate, Appellee sought the trial court's permission to file an application to probate the Codicil.[47] The trial court granted permission for Appellee to do so.[48] After receiving authority from the trial court to do so, Appellee filed her Application for Probate of Holographic Codicil on August 27, 2013.[49]

With the above evidence before it and as the sole fact-finder, the trial court found that Appellee's actions in not filing an application to probate the Codicil until August 27, 2013, "were not unreasonable under the existing circumstances."[50] The trial court further found that Appellee "used and acted with due diligence in filing her application."[51] A great body of law exists allowing a non-defaulting proponent to offer a will for probate more than four years after the death of the testator when intervening events would not work an injustice or frustrate the intent

---

[45] R.R. Vol. 2, p. 61, lines 19-23; p. 38, lines 6-11, 19-23; p. 62, lines 14-16.

[46] C.R. 66 (see Conclusions of Law).

[47] R.R. Vol. 2, p. 38, lines 24-25; p. 39, lines 1-20.

[48] *Id*.

[49] C.R. 28-30.

[50] C.R. 66.

[51] *Id*.

of the testator. *Campbell*, 343 S.W.3d at 907-08. The trial court specifically found that admitting the Codicil to probate would not work an injustice or frustrate the intent of Decedent, and would carry out Decedent's intent.[52] Perhaps most importantly, the trial court, after hearing and weighing the evidence, found that Appellee was not in default in failing to offer the Codicil for probate on or before December 24, 2012.[53] In their brief, Appellants do not explicitly attack the foregoing findings of the trial court, nor do they attack the trial court's sole conclusion of law. Rather, Appellants choose to explicitly attack four findings of fact that, even if correctly challenged, are not enough to overcome the trial court's foregoing findings.[54]

Appellants have failed to demonstrate that there is no evidence, or merely a scintilla of evidence, to support the adverse findings of the trial court. There exists sufficient evidence such that a reasonable and fair-minded jurist could have found that Appellee was reasonably diligent in offering the Codicil for probate and was not in default.[55] Further, with all of the evidence before the trial court, there is no indication that the evidence was so weak or the trial court's findings are so

---

[52] *Id.*

[53] C.R. 66.

[54] See Appellants' Brief, pp. 20-22.

[55] See Appellee's Statement of Facts *supra*, pp. 3-8; see also Appellee's factual summary *supra*, pp. 13-15.

contrary to the overwhelming weight of the evidence that the findings should be set aside. For the foregoing reasons, the findings of the trial court that Appellee's actions were not unreasonable, that she acted with due diligence, and that she was not in default, must not be disturbed.

## II. There is no finding that John L. Koehler was in default, and therefore a default cannot be imputed to Appellee.

Appellants argue that John was in default for not offering the Codicil before his death, and that his default is imputed to Appellee. Appellants rely heavily on *Schindler* in an attempt to persuade this Court that John was in default and that his default was imputed to Appellee. In *Schindler*, Ruby died in June 1996, survived by her husband Jodie, her two children, and her five grandchildren, leaving two wills; the 1987 Will and the 1995 Will. *Schindler*, 119 S.W.3d at 927. After Rudy's death, Jodie remarried. *Id*. A few months after Ruby's death, Jodie offered the 1987 Will for probate, but never offered the 1995 Will for probate prior to his death in April 2000. *Id*. Almost five years after Ruby's death, one of Ruby's childeren and Jodie's widow applied to have the 1995 Will admitted to probate as a muniment of title. *Id*. The widow was a beneficiary under Jodie's Will. The trial court found that Jodie was in default for failing to offer the 1995 Will for probate prior to his death. *Id*. at 930. The trial court also found that Jodie's widow defaulted her right to probate the 1995 Will. *Id*. In affirming the trial court, the 5th Court of Appeals followed highly criticized case law that states that if any heir or

devisee is in default, such default bars her or his descendants or legatees from any right to have such will probated. *Id*. at 929.

The *Schindler* case can be distinguished from the immediate case in that the trial court in *Schindler* made a specific finding of fact that Jodie had defaulted, where the trial court in this case made no such finding that John defaulted.

*Schindler* is highly criticized. The *Campbell* case, which was decided almost seven years after *Schindler*, has the best reasoned approach and a contrary result. In *Campbell*, James passed away in January 2002, survived by his second wife, Freda, her two children, and his four children from a previous marriage. *Campbell*, 343 S.W.3d at 901. Freda possessed the will in a lockbox and never applied to have it admitted to probate. *Id*. at 902. Freda died in October 2008. *Id*. at 901. One of Freda's sons, as Freda's heir, applied to have the will probated as a muniment of title in July 2009. *Id*. at 902. The trial court found that the proponent was not in default and admitted the will to probate. *Id*. In affirming the trial court and criticizing *Schindler*, the 7th Court of Appeals stated that the notion from *Schindler* that if any heir or devisee was in default, the default would bar her or his descendants or legatees from any right to have such will probated is contrary to the long standing practice in Texas of admitting wills to probate where to do so would not work an injustice and the proponent of the will can establish reasonable diligence on her or his part alone in offering the will for probate. *Id*. at 906. The

Court further noted that Section 73(a) of the Texas Probate Code has "repeatedly been interpreted as providing that the default of another does not preclude a non-defaulting applicant from offering a will for probate as a muniment of title." *Id.* at 903; *Fortinberry v. Fortinberry*, 326 S.W.2d 717, 719 (Tex. Civ. App.—Waco 1959, writ ref'd n.r.e.); *In re Estate of Williams*, 111 S.W.3d 259, 263 (Tex. App.—Texarkana 2003, pet. denied); *St. Mary's Orphan Asylum v. Masterson*, 57 Tex. Civ. App. 646, 654, 121 S.W. 587, 591 (Tex. Civ. App.—San Antonio 1909, writ ref'd) (holding that the party applying for probate must be judged by *his own conduct* and circumstances in evaluating whether his burden has been met regarding a finding that he is not in "default" for failing to present a will for probate within the proper time (Emphasis added)).

Importantly, the Court of Appeals in *Schindler* explicitly found that Jodie was in default, while the Court of Appeals in *Campbell* made it a point to note that the trial court never specifically found that Freda was in default. *Campbell*, 343 S.W.3d at 905 n. 8. The court of appeals in *Campbell* further points out that the appellant/contestant in the case never requested additional findings of fact or conclusions of law, presumably to determine whether or not the trial court would find Freda in default. *Id*. In that respect, *Campbell* is precisely the same as in the present case. The trial court never made a finding that John was in default for not offering the Codicil prior to his death, and Appellants never requested additional

findings of fact or conclusions of law. The Court in *Campbell* supports the position that a finding of default on the part of an heir or devisee to a will by the trial court is critical to appellate review.

Even if the trial court found John was in default, which is unlikely, that default should not be imputed to Appellee.[56] Under the statute, "the party applying for … probate" must show that he was not in default for failing to offer the will for probate within the four-year period.[57] Despite the clarity of this language, court decisions dealing with the issue of whether such inaction was binding on the will proponent's successors "have shown considerable disarray." *Id*. at 906. In *Schindler*, the court ruled that "if any heir or devisee was in default, such default would bar his or her descendants or legatees from any right to have such will probated." *Schindler*, 119 S.W.3d at 929. This issue was analyzed in detail, and "hopefully put to rest" by the Court's decision in *Campbell*.[58] After careful analysis of the case decisions, the Court concluded that "strict application of the above-referenced quote from *Schindler* misconstrues § 73(a), misapplies the authorities cited, and is contrary to a great body of law allowing a non-defaulting proponent to offer a will for probate more than four years after the death of the

---

[56] See R.R. Vol. 2, p. 21, lines 4-19.

[57] See Tex. Prob. Code § 73(a).

[58] See *Johanson's Texas Probate Code Annotated § 73* Commentary (2013); *Johanson's Texas Estates Code Annotated § 256.003* Commentary (2015).

testator when intervening events would not work an injustice or frustrate the intent of the testator." *Campbell*, 343 S.W.3d at 907-08.

It is readily apparent from the record that the trial court in this case recognized the divide between the *Schindler* and *Campbell* cases.[59] In reviewing the trial court's Findings of Fact and Conclusions of Law, the trial court plainly placed the most weight on the *Campbell* case when making its ruling.

The trial court concluded that Appellee had no legal standing to offer the Codicil for probate until John's Will was admitted to probate and Appellee was appointed Administratrix of John's Estate, which occurred on April 24, 2013, and thus Appellee had no authority to seek to probate the Codicil on behalf of John's Estate until she was appointed Administratrix.[60] Appellants have not contested the trial court's conclusion.

Because the trial court did not find that John was in default, his default cannot be imputed to Appellee.

## PRAYER

For the foregoing reasons, Kanda Koehler respectfully requests that this Court affirm the trial court's Order Admitting Holographic Codicil to Probate.

---

[59] R.R. Vol. 2, p. 19, lines 14-25; p. 20, lines 1-7, 25; p. 21, lines 1-25; p. 22, lines 1-25; p. 23, lines 1-23.

[60] C.R. 66.

Respectfully submitted,

BAIRD, CREWS, SCHILLER & WHITAKER, P.C.

By:       */s/ Jack R. Crews*
       **JACK R. CREWS**
       State Bar Card No.: 05072300
       (254) 743-7320 – Direct
       E-mail: jackcrews@bcswlaw.com
       **KENNETH R. VALKA**
       State Bar Card No.: 20435300
       (254) 743-7350 – Direct
       E-mail: kenvalka@bcswlaw.com
       **BENJAMIN D. BURNETT**
       State Bar Card No.: 24072012
       (254) 743-7324 – Direct
       E-mail: benjaminburnett@bcswlaw.com
       15 North Main Street
       Temple, TX 76501-7629
       Fax: 254.774.9353

       ATTORNEYS FOR APPELLEE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was sent to the person(s) named below pursuant to Tex. R. App. P. 9.5(b) on December 18, 2015:

Robert Little
Kristen A. Mynar
Naman, Howell, Smith & Lee, PLLC
400 Austin Ave., Ste. 800
Waco, Texas 76701
*ATTORNEYS FOR APPELLANTS*

*/s/ Jack R. Crews*

JACK R. CREWS

## CERTIFICATE OF COMPLIANCE

At the request of the Court, I certify that this file submitted by electronic filing complies with the following requests of the Court:

This filing is labeled with or accompanied by the following information:

| | |
|---|---|
| **Case Name:** | **In the Estate of Evelyn Landua Koehler, Deceased** |
| **The Docket Number:** | **03-14-00035-CV** |
| **The Type of Brief:** | **Appellee's Brief on the Merits** |
| **Word Processing Software:** | **Microsoft Word for Windows 2010** |

In compliance with Rule 9.4, Tex. R. App. P., I certify that the Brief contains no more than 4,445 words, including the portions of the Brief that must be counted under Rule 9.4(i), Tex. R. App. P., and all footnotes.

*/s/ Jack R. Crews*
JACK R. CREWS